[Cite as *State v. Blakely*, 2019-Ohio-1483.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-18-1207

    Appellee                                       Trial Court No. CR0200203089

v.

Eugene Blakely, Jr.                               **DECISION AND JUDGMENT**

    Appellant                                      Decided: April 19, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Eugene Blakely, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Eugene Blakely, Jr., appeals from the August 27, 2018 judgment of the Lucas County Court of Common Pleas denying appellant's motion for leave to file a delayed motion for new trial. For the reasons which follow, we affirm.

{¶ 2} Appellant was indicted for murder with repeated violent offender and firearm specifications on October 21, 2002. His first trial ended in a mistrial. During the

second trial, a witness failed to appear despite service of a warrant. The prosecution moved to admit the witness's prior trial testimony into evidence. The trial court found that the witness was unavailable and permitted her testimony to be read at the second trial. On September 2, 2003, appellant was found guilty of murder with a firearm specification and was sentenced to an indefinite term of 15 years to life in prison, with a mandatory 3-year term for the firearm specification.

{¶ 3} Appellant filed a direct appeal to this court asserting that the trial court erred in admitting the witness's prior testimony. We rejected the argument and affirmed his conviction and sentence. *State v. Blakely*, 6th Dist. Lucas No. L-03-1275, 2006-Ohio-185. Appellant has filed two prior motions for leave to file a motion for new trial on the ground of newly-discovered evidence, both of which were denied by the trial court and the judgments were affirmed on appeal. *State v. Blakely*, 6th Dist. Lucas Nos. L-12-1034, L-12-1074, 2013-Ohio-1080, ¶ 16-17; *State v. Blakely*, 6th Dist. Lucas Nos. L-13-1281, L-13-1282 (Mar. 7, 2014).

{¶ 4} Appellant filed a third motion for leave to file a motion for new trial on July 24, 2018, asserting he had newly-discovered evidence regarding the unavailable witness. He asserted he had telephone conversations and e-mails with the witness where she asserted there had been prosecutorial and police misconduct at the time of both trials. Appellant also alleged the witness told him she had been forced by the prosecutor and police to testify falsely in the first trial. Appellant attached to the motion the e-mails he allegedly received from the witness. In an e-mail dated February 6, 2018, the witness

2.

indicated she was surprised appellant had contacted her but did not mention any of the above allegations of misconduct. Appellant also attached his affidavit indicating that the witness had contacted him in February 2018, and told appellant that the prosecutor and detective made her testify falsely in the first trial. Appellant summarized the telephone conversations he allegedly had with the witness.

{¶ 5} The prosecution moved to dismiss the motion on the ground that appellant had failed to demonstrate that this was newly-discovered evidence since he had initiated the contact with the witness and could have done so at the time of the second trial. The trial court denied the motion on August 27, 2018, without a hearing. Appellant appeals and asserts the following sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON BLAKELY'S MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL WHEN THE FACTS AND CIRCUMSTANCES SUPPORT BLAKELY'S CLAIM THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE, IN DIRECT VIOLATION OF HIS 4TH, 6TH AND 14TH AMENDMENT TO THE OHIO AND U.S. CONSTITUTION.

{¶ 6} Appellant argues in his sole assignment of error that the trial court abused its discretion when it failed to hold a hearing on his motion for leave to file a motion for new trial.

3.

**{¶ 7}** Pursuant to Crim.R. 33(B), a motion for a new trial based on newly-discovered evidence must be filed within 120 days after the verdict was rendered unless the defendant demonstrates by clear and convincing proof that he was unavoidably prevented from filing a timely motion for new trial.  However, 120 days after the verdict is entered, a defendant must file a motion for leave to file a delayed motion for a new trial with supporting evidence that the defendant was unable to learn of newly-discovered evidence earlier.

**{¶ 8}** The trial court exercises its discretion in determining whether an evidentiary hearing is required based on the evidence offered in support of the motion.  *State v. Griffin*, 1st Dist. Hamilton No. C-160828, 2017 Ohio App. LEXIS 5627, *3 (Dec. 20, 2017).  Regarding the merits of the motion for leave, the trial court must determine if the defendant was unavoidably prevented from discovering the evidence by clear and convincing evidence, and the trial court's decision will not be overturned on appeal if it was supported by some competent and credible evidence.  *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990).  The supporting affidavit must contain an attestation of the reason for the delay.  *State v. Blakely*, 6th Dist. Lucas Nos. L-12-1034, L-12-1074, 2013-Ohio-1080, ¶ 17; *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 23.

**{¶ 9}** Both the decision to rule on the motion for leave without a hearing and the ruling on the motion for leave are within the discretion of the trial court and will not be overturned on appeal absent a showing of an abuse of discretion.  *Schiebel* at paragraph

4.

one of the syllabus; *State v. Galloway*, 6th Dist. Lucas Nos. L-16-1179, L-16-1180, 2017-Ohio-5841, ¶ 15. An abuse of discretion is found when the trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 10} In the case before us, appellant did not attest to why he was prevented from making contact with the witness within the 120-day deadline for filing a motion for new trial. The e-mails attached to the motion indicate that appellant initiated the contact with the witness but did not explain why he could not have contacted her earlier. Furthermore, appellant did not attest as to why he delayed until July 2018, to file a motion for leave. While he asserts reasons for the delay on appeal, he did not include his reasons within his motion. Therefore, we find the trial court did not abuse its discretion in denying the motion for leave without holding an evidentiary hearing. *Griffin* at *2. Appellant's sole assignment of error is found not well-taken.

{¶ 11} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                                                                   JUDGE

Christine E. Mayle, P.J.

                                           _____

Gene A. Zmuda, J.                                              JUDGE
CONCUR.

                                           _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.